UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONNIE AUSTIN,

    Plaintiff,                                                        Civil Action No. 16-CV-14027

vs.                                                               HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## OPINION AND ORDER CORRECTING BENCH RULING AND
## GRANTING IN PART PLAINTIFF'S ATTORNEY'S MOTION FOR FEES

On October 3, 2018, this matter came before the Court on plaintiff's attorney's motion for fees [docket entry 22]. A hearing was held and oral argument heard. Although the Court indicated that it intended to remand the matter to give defendant Commissioner of Social Security an opportunity to decide the fee issue, the Court believes that under 42 U.S.C. § 406(b) it is the Court's, not the Commissioner's, duty to decide this issue. Accordingly, the Court's bench ruling is corrected to the extent indicated below. Plaintiff's motion for fees is granted in part as follows.

The history of this case is straightforward. Plaintiff commenced suit in November 2016 to challenge defendant's decision denying her application for social security disability insurance benefits. In May 2017, the Court granted plaintiff's motion for summary judgment and remanded the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). In March 2018, after conducting a follow-up hearing in December 2017, an Administrative Law Judge ("ALJ") issued a "fully favorable" decision granting plaintiff's application. On June 23, 2018, defendant issued a "notice of award" containing various information, including the amount of plaintiff's monthly benefits and the fact that $12,162.25 (25% of plaintiff's past-due benefits) was

being withheld "in case we need to pay your representative." Pl.'s Ex. B, PageID 690, 692.

Plaintiff's attorney seeks fees in the full amount of the withheld benefits pursuant to 42 U.S.C. § 406(b)(1)(A), which states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

Plaintiff's attorney argues that a fee in the requested amount ($12,162.25) is reasonable because the fee agreement plaintiff signed acknowledged that the Court may "award an attorney a reasonable fee for services in proceedings before the Court" and that the "attorney fee may not exceed 25 percent of the claimant's . . . past-due benefits." Pl.'s Ex. C. The Court notes, however, that this language is simply an acknowledgment that the 25 percent amount is the statutory cap on the fee, not an agreement that this amount necessarily would be a reasonable fee. Plaintiff's attorney has also submitted time records showing that he spent 80.75 hours working on this case.[1] Pl.'s Ex. D. He asserts that if he had charged his regular rate of $175/hour, his fee in this case would have been $14,131.25 ($175 x 80.75), and he suggests that this demonstrates the reasonableness of his request

---

[1] Although plaintiff's attorney entitles these records "Statement of Services in United States District Court," these records include 23.5 hours he spent performing services before the Social Security Administration, not the Court. As the Supreme Court has stated, the Social Security Act "deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Therefore, only time spent by counsel in representing plaintiff before the Court (57.25 hours) is compensable under § 406(b).

2

for $12,162.25.

Defendant opposes the motion because it is untimely. Defendant notes that § 406(b) itself does not contain a filing deadline, but that the Court has adopted a local rule that requires such motions to be filed "no later than 14 days after entry of judgment or receipt of the social security certificate award (notice of award), whichever is later." E.D. Mich. LR 54.2(a). In the present case, judgment was entered on May 18, 2017, and plaintiff's attorney's billing records indicate that he received the notice of award on June 26, 2018. The fourteenth day after the later of these dates was July 10, 2018. The instant motion was not filed until August 20, 2018 – 41 days after the filing deadline.

There is authority for the proposition that the "[t]ime limits for attorney fee motions are not jurisdictional, and may be waived where appropriate," *Acosta v. Comm'r of Soc. Sec.*, 2016 WL 8094540, at *2 (E.D. Mich. Nov. 17, 2016), and the Sixth Circuit has stated that "[a]lthough ordinarily a litigant must meet the deadlines prescribed by the rules, a court may invoke its equitable authority to toll applicable deadlines in appropriate circumstances." *Hayes v. Comm'r of Soc. Sec.*, 895 F.3d 449, 453 (6th Cir. 2018). For the reasons stated on the record, the Court believes that the circumstances of this case forgive plaintiff's attorney's failure to meet the filing deadline.

Nonetheless, a fee award in the requested amount would be unfair to plaintiff because plaintiff's attorney failed to seek fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Once the Court granted summary judgment for plaintiff and remanded the case for further proceedings in May 2017, plaintiff was a prevailing party and her attorney could and should have sought fees under the EAJA on the grounds that the government's position was not substantially justified. Although plaintiff's attorney stated at oral argument that he has never filed a motion for

3

EAJA fees, the fact of the matter is that plaintiffs' attorneys in this district file such motions in social security disability cases on a regular basis. Such a motion almost certainly would have succeeded in the present case. Although plaintiff testified at her first administrative hearing that she takes a large number of medications which are "very sedating" and require her to nap daily for 45 minutes, the ALJ gave no consideration to her medication side effects, despite clear regulations and Sixth Circuit cases requiring ALJs to do so. And while the ALJ accepted plaintiff's testimony that her intestinal impairments require her to use the toilet frequently, urgently, unpredictably, and up to 45 minutes "every couple of hours," he thought that this could be accommodated by including in her residual functional capacity assessment a need to be within "close proximity to a restroom."

Plainly, the government's position in this case was not substantially justified. Had counsel asked for fees under the EAJA, he most likely would have received them. Indeed, the government most likely would have stipulated to such an award, as is its routine practice in this district when, as in the present case, the Court grants plaintiff's motion for summary judgment and remands for further proceedings to address significant errors in the ALJ's decision. Multiplying plaintiff's attorney's claimed hours for time spent before the Court through obtaining summary judgment and remand (57.25 hours, *see supra* n.1) by the $125/hour statutory rate yields a fee award of $7,156.25. This fee would have been paid by the government, not by plaintiff from her past-due benefits, and it should therefore be deducted from the fee counsel now seeks under § 406(b). The reasoning is that counsel may seek fees under both § 406(b) and the EAJA, but if awards are made under both statutes, counsel must refund to his client "the amount of the smaller fee." *Gisbrecht,* 535 U.S. at 796. Because plaintiff's attorney neglected to seek fees under the EAJA, any fee the Court now awards under § 406(b) will be paid entirely from plaintiff's past-due benefits. As

4

Magistrate Judge Stafford recently explained:

> There is a rebuttable presumption that a contingency-fee agreement with a cap of 25% is reasonable. *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014). Despite this presumption, Gaecke's failure to apply for EAJA in order to increase the award to Wolfe deems unreasonable the full amount of the Section 406(b) fees he requests. "The unreasonableness of the request lies in plaintiff's attorney's failure to request EAJA fees." *Iliceto v. Sec'y of Dep't of Health & Human Servs., of U.S.*, No. CV-83-2160, 1990 WL 186254, at *1 (E.D.N.Y. Nov. 14, 1990). "To prevent plaintiffs from being penalized as a result of counsels' failures to apply for EAJA fees to which they were entitled, courts have either reduced the Subsection (b) award by an amount equal to the foregone EAJA fees, or taken counsels' failures to apply for EAJA fees into account in determining a reasonable fee for their services."

*Wolfe v. Colvin*, 2016 WL 7650793, at *2 (E.D. Mich. Dec. 30, 2016).[2]

Plaintiff's counsel did his client a great disservice by not requesting fees under the EAJA. Those fees most likely would have amounted to $7,156.25 and would have been paid by the government, not by plaintiff from her past-due benefits. A fair § 406(b) fee in the present case must take this circumstance into account, as plaintiff should not be penalized for her attorney's professional misjudgment. Following the approach used in *Wolfe*, the Court shall calculate the § 406(b) fee in this matter by deducting the $7,156.25 EAJA fee counsel neglected to seek from the $12,162.25 in past-due benefits defendant is withholding. Accordingly,

---

[2] In *Wolfe*, plaintiff's attorney requested a § 406(b) fee in the full amount of plaintiff's withheld past-due benefits. Applying the quoted reasoning, Magistrate Judge Stafford determined the fee that would have been awarded under the EAJA (calculated by multiplying the attorney's claimed hours by the statutory $125 hourly rate) and subtracted this amount from the past-due benefits being withheld. The balance was the fee she awarded under § 406(b).

IT IS ORDERED that plaintiff's attorney's motion for § 406(b) fees is granted in the amount of $5,006. The balance of plaintiff's withheld past-due benefits must be paid to plaintiff.

Dated: October 4, 2018  
Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 4, 2018.

s/Johnetta M. Curry-Williams  
Case Manager